IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No.  05-cv-00933-REB-CBS

LIZA FITZPATRICK

     Plaintiff,

v.

THE NORRIS DULLEA COMPANY,

     Defendant.
_____

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION**
_____

**Blackburn, J.**

The matter before me is Defendant's Motion and Memorandum to Dismiss Plaintiff's Second and Third Causes of Action [#10], filed August 5, 2005.  I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).  I grant the motion in part and deny it in part.

Plaintiff was employed formerly by defendant as an Associate in Landscape Architecture and Design, where she claims similarly situated men were paid more for equal work.  She raised the issue of these pay discrepancies during her performance reviews in 2001 and 2002.  Soon thereafter, plaintiff became pregnant.  She claims that defendant discouraged her efforts to work a reduced schedule in her third trimester and attempted, albeit unsuccessfully, to reduce her benefits.  Plaintiff took maternity leave from February 10, 2003, to August 15, 2003.  Less than six weeks after her return from

maternity leave, plaintiff was terminated. Although no reason was given for the termination, plaintiff believes she was fired because defendant views women with young children as unwilling to work as hard as childless employees. In this case, she alleges causes of action for sex discrimination and retaliation under Title VII, as well as violations of the Age Discrimination in Employment Act and the Equal Pay Act. Defendant has now moved to dismiss plaintiff's second and third causes of action for failure to state a claim on which relief may be granted.

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). "[T]he complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." **Conley v. Gibson,** 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also* **Daigle v. Shell Oil Co.**, 972 F.2d 1527, 1533 (10th Cir.1992). The complaint must be construed in the light most favorable to plaintiff, and its allegations must be taken as true. **Robinson v. City and County of Denver** 39 F. Supp. 2d 1257, 1262-1263 (D. Colo. 1999) (citing **Daigle**, 972 F.2d at 1533). However, I need not assume that plaintiff "can prove facts which [she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." **Associated General Contractors of California, Inc. v. California State Council of Carpenters**, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983).

Plaintiff's second cause of action alleges disparate treatment on the basis of

2

gender stereotyping and familial status.  Defendant seeks to dismiss this cause of action as unexhausted, arguing that such a claim is not encompassed by the scope of plaintiff's EEOC charge.[1]  Exhaustion of administrative remedies is a prerequisite to suit under Title VII.  ***Simms v. Oklahoma ex rel. Department of Mental Health & Substance Abused Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999); ***Seymore v. Shawver & Sons, Inc.***, 111 F.3d 794, 799 (10th Cir.), ***cert. denied***, 118 S.Ct. 342 (1997).  In general, a plaintiff exhausts administrative remedies by presenting her claims to the EEOC in a timely filed charge of discrimination.  ***Simms***, 165 F.3d at 1326; ***Bland v. Kansas City, Kansas Community College***, 271 F.Supp.2d 1280, 1283 (D. Kan. 2003).  The charge serves the dual purpose of allowing the EEOC to investigate and conciliate the claims and giving the employer notice of the claims against it.  ***Seymore***, 111 F.3d at 799; ***Bland***, 271 F.Supp.2d at 1283.  Claims not included in the charge generally cannot be pursued in civil litigation.  ***Aramburu v. Boeing Co.***, 112 F.3d 1398, 1409 (10th Cir.1997).   Nevertheless, a claim not expressly included in the charge may be litigated "where the conduct alleged would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made."  ***Martin v. Nannie and the Newborns, Inc.***, 3 F.3d 1410, 1416 n.7 (10th Cir. 1993), ***implicitly overruled on other grounds as recognized by Davidson***

---

[1] Defendant also makes a cursory attempt to argue that gender stereotyping based on familial status is not a form of sex discrimination protected by Title VII.  This argument borders on frivolous, and I will not dignify it further than to recognize that it is clearly wrong.  **See Phillips v. Martin Marietta Corp.**, 400 U.S. 542, 544, 91 S.Ct. 496, 497, 27 L.Ed.2d 613 (1971); **Back v. Hastings on Hudson Union Free School District**, 365 F.3d 107, 113, 120-21 (2nd Cir. 2004); **Santiago-Ramos v. Centennial P.R. Wireless Corp.**, 217 F.3d 46, 57 (1st Cir. 2000); **Stern v. Cintas Corp.**, 319 F.Supp.2d 841, 858-61 (N.D. Ill. 2004); **Plaetzer v. Borton Automotive, Inc.**, 2004 WL 2066770 at *6 n.3 (D. Minn. Aug. 13, 2004).

***v. America Online, Inc.***, 337 F.3d 1179, 1183 (10th Cir. 1993).

Plaintiff's charge claimed that she was discriminated against because of her sex in that, *inter alia*, she was terminated shortly after returning from maternity leave, with no justification given for the employment action and no concerns having been expressed about her performance prior to that time. (*See* Def. Motion App., Exh. A at 2, ¶ III(c).) I find that the EEOC investigation that could be expected to reasonably grow out of this contention would have encompassed plaintiff's allegations of gender stereotyping and discrimination based on familial status. A party who charges discrimination in her termination, which occurred just weeks after her return from maternity leave and for which no explanation was apparent or given, at least raises an inference that her new status as a parent played a role in that decision. It does not take any stretch of imagination to conceive that the EEOC would have investigated such allegations in connection with the formal charges plaintiff filed.

My conclusion in this regard is bolstered by, but not dependent on, the fact that plaintiff conspicuously raised these claims in both her intake questionnaire and in her rebuttal to defendant's response to the charge. (*See* Plf. Resp. App., Exh. 1 at 5, ¶ 17(B) & (C); Exh. 9 at 5, ¶ III(F).) I am well aware of authority to the effect that an intake questionnaire, especially an unverified intake questionnaire, is not equivalent to a formal charge. **See Welsh v. City of Shawnee**, 1999 WL 345597 at *5 & n.6 (10th Cir. June 1, 1999); **Bland**, 271 F.Supp.2d at 1284-85. Courts, therefore, have been reluctant to permit a plaintiff to rely on allegations raised only in her intake questionnaire when those allegations were omitted entirely from the formal charge.

4

*See, e.g.*, **Bland**, 271 F.Supp.2d at 1284-85; **Rogan v. Giant Eagle, Inc.**, 113 F.Supp.2d 777, 787-88 (W.D. Pa. 2000), *aff'd*, 276 F.3d 579 (3rd Cir. 2001) (Table); **McCray v. DPC Industries, Inc.**, 942 F.Supp. 288, 295 (E. D. Tex. 1996).  *But see* **Carter v. Philadelphia Stock Exchange**, 1999 WL 715205 at *1 (E.D. Pa. Aug. 25, 1999); **Finley v. Illinois Department of Public Aid**, 1998 WL 26156 at *5 (N.D. Ill. Jan. 12, 1998).  Nevertheless, I note that those cases are distinguishable from this one, as they involve situations in which the plaintiff attempted to claim a type of discrimination wholly different in kind from that brought in the charge.  *See, e.g.*, **Welsh**, 1999 WL 3455997 at *4-5 (where plaintiff only checked box for sex discrimination but not harassment, remedies as to that claim found unexhausted); **Bland**, 271 F.Supp.2d at 1283-84 (where charge alleged only age discrimination, plaintiff not permitted to bring claims under Title VII for racial discrimination).  In this case, plaintiff's intake questionnaire and rebuttal simply articulated more fully the scope of the discrimination claim properly preserved in her charge.  The motion to dismiss her second cause of action therefore should be denied.

Defendant also challenges plaintiff's third cause of action, which alleges retaliation.  Defendant argues this claim is infirm because the actions allegedly precipitating her retaliatory termination occurred at least 18 months before plaintiff was actually fired.  When the only connection between the employee's protected activity and the employer's challenged action is temporal proximity, it must be "very close" to warrant a conclusion of causality.  **Clark County School District v. Breeden**, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (quoting **O'Neal v. Ferguson**

***Construction Co.***, 237 F.3d 1248, 1253 (10th Cir. 2001)).  Under this standard, the Tenth Circuit has found a lapse of three months insufficient to establish the necessary causal connection.  See ***Richmond v. ONEOK, Inc.***, 120 F.3d 205, 209 (10th Cir. 1997); *cf.* ***Ramirez v. Oklahoma Department of Mental Health***, 41 F.3d 584, 596 (10th Cir. 1994) (lapse of one and a half months may by itself establish causation), ***overruled on other grounds by Ellis v. University of Kansas Medical Center***, 163 F.3d 1186, 1194-95 (10th Cir. 1998); *see also* ***Anderson v. Coors Brewing Co.***, 181 F.3d 1171, 1179 (10th Cir. 1999) (pretermitting consideration of whether lapse of nine weeks sufficient to establish causation).

Plaintiff acknowledges these precedents but claims that she is not relying solely on the temporal proximity between her complaints and her termination to establish causality.  However, her argument that each paycheck she received from defendant represented a continuing violation of her rights, while novel, is unavailing.[2]  The retaliation provisions of Title VII are not triggered unless the plaintiff engages in some protected activity.  *See* ***Petersen v. Utah Department of Corrections***, 301 F.3d 1182, 1188-89 (10th Cir. 2002); ***Archuleta v. Colorado Department of Institutions, Division of Youth Services***, 936 F.2d 483, 487 n.2 (10th Cir. 1991).  Plaintiff's initial protests did not establish an ongoing, unspoken objection to defendant's wage practices sufficient to give rise to an inference of the required causal connection.

---

[2]  I assume that plaintiff does not intend to invoke the term "continuing violation" to refer to the doctrine, largely eviscerated by recent Supreme Court decisions, which allows a Title VII plaintiff to extend the life of otherwise time-barred claims.  This doctrine plainly is inapposite in these circumstances.

Of course, the requirement of temporal proximity should not be read too restrictively when a plaintiff can establish a pattern of retaliatory conduct that began soon after her complaints and only ultimately culminated in her termination.  See **Meiners v. University of Kansas**, 359 F.3d 1222, 1231-32 (10th Cir. 2004); **Marx v. Schnuck Markets, Inc.**, 76 F.3d 324, 329 (10th Cir.), **cert. denied**, 116 S.Ct. 2552 (1996).  This principle is inapplicable here, however.  Plaintiff identifies no pattern of retaliatory conduct, nor even an individual instance of retaliatory conduct,[3] other than her termination, that might arguably trigger application of this doctrine.  For these reasons, the motion to dismiss this claim should be granted.

**THEREFORE, IT IS ORDERED**, as follows:

(1) That Defendant's Motion and Memorandum to Dismiss Plaintiff's Second and Third Causes of Action [#10], filed August 5, 2005, is **GRANTED IN PART** and **DENIED IN PART**;

(2) That the motion is **GRANTED** with respect to plaintiff's third cause of action, and that claim is **DISMISSED WITH PREJUDICE**; and

(3) That in all other respects, the motion is **DENIED**.

---

[3] Although plaintiff does not rely on it in her brief, I note that her complaint alleges that defendant attempted to dissuade her from reducing her work hours in November, 2002, during the last trimester of her pregnancy, and attempted to reduce her benefits as well. (Complaint at 3, ¶ 11 [#1], filed May 20, 2005).  Not only does she not argue that these actions were in retaliation for her complaints of wage discrimination, but also these two instances, occurring approximately 5 months after plaintiff's last complaint and some ten months prior to her termination, would be insufficient in any event to establish causation for a retaliation claim.  See **Meiners**, 359 F.3d at 1232.

7

Dated September 19, 2005, at Denver, Colorado.

>BY THE COURT:
>
>s/ Robert E. Blackburn
>Robert E. Blackburn
>United States District Judge