IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 05-cv-00933-REB-CBS

LIZA FITZPATRICK,

    Plaintiff,

v.

NORRIS DESIGN, INC.,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Plaintiff Lisa Fitzpatrick ("Plaintiff") and Defendant Norris Design, Inc. ("Defendant"), by and through counsel of record, jointly request that this Stipulated Protective Order be entered as the Court's Order in the above-captioned matter, in order to preserve the proprietary interests, and confidentiality of the Parties' business, financial, personnel and personal information, as fully set forth herein.

    A.    Definitions.

        1.    "Communicate" (including "Communication") means to disclose (verbally or in writing), show, give, provide, make available, furnish, give copies, photographs, or electronic data to, or allow exposure of information.

        2.    "Copy" means a reproduction made through any process, photographic, manual, electronic, or by any other method.

        3.    "Document" means any written, typed, printed, recorded, photographic, electronic image, CD, floppy disc, chart, summary, or graphic matter of any kind, including

writings and other tangible things.

    4. "Information" means the content of any Communication, Copy, or Document.

    5. "Party" means the Plaintiff and the Defendant, including any officer, shareholder, and director, and all counsel of record in this litigation.

    6. "Person" means any natural person, other than a Party.

    7. "Confidential Information" means all Communications, Copies, Documents and Information identified and protected by this Stipulated Protective Order.

  B. Communication of Confidential Information.

    1. In this action, Plaintiff and Defendant have sought, anticipate seeking, anticipate receiving, and/or anticipate Communicating Confidential Information, pursuant to the Federal Rules of Civil Procedure, that contains confidential or proprietary business information, financial information, personnel information, personal information (defined as "information the disclosure of which could cause invasion of the privacy of Plaintiff or an employee or agent of Defendant, or could cause annoyance or embarrassment for Plaintiff or an employee or agent of Defendant"), and/or trade secrets.  This Protective Order shall govern the Communication, maintenance, and use of all information, of any nature and form whatsoever, designated by either Plaintiff or Defendant as containing confidential or proprietary business information, financial information, personnel information, personal information, and/or trade secrets.

    2. Information disclosed by Plaintiff to Defendant, or by Defendant to Plaintiff, pursuant to the Federal Rules of Civil Procedure, may be designated as Confidential Information in the following manner:

      (a) By imprinting the word "Confidential" on the first page or cover of

any Document or Copy;

      (b)     By imprinting the word "Confidential" next to or above any response to an interrogatory or request for admission;

      (c)     With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as "Confidential" no later than twenty days after the testimony is given;

      (d)     With respect to transcribed testimony, depositional or trial, by giving written notice to opposing counsel designating such portions as "Confidential" no later than twenty days after receipt of the transcribed testimony; and

      (e)     With respect to testimony in parts (c) and (d) above, all Parties shall treat the testimony as "Confidential" during the twenty day designation period.

      3.     All information disclosed by Plaintiff or Defendant designated as Confidential Information shall be subject to the following restrictions:

      (a)     The Confidential Information shall be used only by the Parties and only for the purpose of this litigation and not for any business, personal, or other purpose whatsoever; and

      (b)     The Confidential Information shall not be Communicated in any manner, either directly or indirectly, by the Parties to anyone other than:

      (1)     The Parties, (a) provided that, each such individual Party must sign an undertaking in the form attached and incorporated herein as Exhibit A, agreeing to be bound by this Stipulated Protective Order and consenting to the jurisdiction of this Court. And (b), provided that, the privacy of Norris' employees and former employees will be protected by the creation and use of a Key by all Parties and Persons which identifies each such employee by an

assigned number in any pleading, other document, or proceeding in this litigation.

(2)     Experts whose opinions may be presented at trial in this litigation, who are retained or specially employed by a Party for the purposes of this litigation, or who are consulted by counsel in connection with this litigation, but only to the extent the communication or disclosure of Confidential Information is necessary to assist counsel in the prosecution or defense of this litigation, and is necessary for the expert's rendition of services in this litigation, provided that, each such expert must sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Protective Order and consenting to the jurisdiction of this Court;

(3)     Persons noticed for/and or appearing at deposition, to the extent reasonably necessary in preparing them to testify at their depositions in this litigation, provided that, each such Person must sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Protective Order and consenting to the jurisdiction of this Court;

(4)     Persons designated as/and or appearing as trial witnesses in this litigation, to the extent reasonably necessary in preparing them to testify at trial in this litigation; provided that, each such Person must sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Protective Order and consenting to the jurisdiction of this Court;

(5)     The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom; and

(6)     Such other Persons as the Court may specifically approve

after notice and hearing in this litigation, but only subject to any terms or conditions imposed by the Court, and provided that, each such Person must sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Protective Order and consenting to the jurisdiction of this Court.

4. In the event that documents containing Confidential Information, which are subject to the attorney-client privilege, attorney-client confidentiality, or documents which constitute attorney work product are inadvertently produced by a Party, such documents, and all copies thereof, shall be immediately returned to the producing Party's counsel of record upon discovery by the recipient Party's counsel of record or upon request by the Producing Party's counsel of record.

5. Parties and Persons authorized to review Confidential Information pursuant to this Stipulated Protective Order shall hold such information in the strictest confidence and shall not Communicate the information, either verbally or in writing, to any other Person, entity (including media), or local, state, or federal government agency, unless authorized to do so by a court of law or by a stipulation of the Parties. This duty shall survive the resolution of this litigation for all Parties, counsel, and Persons.

6. No access to Confidential Information shall be permitted to any Party, Person, or individual identified in paragraph 3 until the individual to be accorded access has signed an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Protective Order and consenting to the jurisdiction of this Court. Plaintiff's counsel of record shall be responsible for maintaining a list of all persons to whom any Confidential Information Communicated by Defendant is further Communicated. Defendant's counsel of record shall be responsible for maintaining a list of all persons to whom any Confidential Information

Communicated by Plaintiff is further Communicated. Plaintiff, through counsel of record, may inspect Defendant's counsel's list only upon showing that Plaintiff has substantial need of the list to establish the source of an unauthorized Communication of Confidential Information and that Plaintiff is unable, without undue hardship, to identify the source of the disclosure through other means. Likewise, Defendant, through counsel of record, may inspect Plaintiff' counsel's list only upon showing that Defendant has a substantial need of the list to establish the source of an unauthorized Communication of Confidential Information and that Defendant is unable, without undue hardship, to identify the source of the disclosure through other means.

7. No Copies of Confidential Information Communicated by one Party to an opposing Party may be made by the receiving Party, with the exception that receiving counsel of record may make one (1) copy for his or her professional use in this litigation.

8. All Confidential Information received by a Party must be strictly protected and retained in the exclusive custody of the Parties, counsel of record or Persons authorized by this Stipulated Protective Order during the pendency of this litigation.

9. In the event that a Party desires to permit access to information received from an opposing Party, which is identified as "Confidential Information" hereunder, to any Person or category of Persons not identified in paragraph 3(b) above, the receiving Party shall inform the other Party in writing. The Parties shall attempt first to resolve the matter in good faith and on an informal basis. If the Parties are unable to resolve their dispute, the receiving Party shall move this Court for an order that such a Person or category of Persons may be given access to the Confidential Information. In the event that the motion is granted, such Person or category of Persons may have access to the Confidential Information, but only subject to any terms or conditions imposed by the Court, and provided that such Person or Persons sign an undertaking in

the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Protective Order and consenting to the jurisdiction of this Court.

10. Counsel of record for the Parties shall be responsible for assuring compliance with the terms of this Stipulated Protective Order by their respective clients and any other Persons to whom such counsel and their clients Communicate Confidential Information from an opposing Party, and for obtaining the prior agreement to be bound by the terms of this Stipulated Protective Order from all qualified recipients to whom any Confidential Information is Communicated in accordance with this Stipulated Protective Order.

11. If a Party objects to an opposing Party's designation of Information as "Confidential Information," he/she/it shall inform the other Party, in writing, that the information should not be deemed "Confidential Information." The Parties shall attempt first to resolve such dispute in good faith and on an informal basis. If the Parties are unable to resolve their dispute, the objecting Party shall present a motion to the Court objecting to such status or the objection within five business days of the failure to resolve the dispute, or that objection shall be deemed is waived. The Information at issue shall continue to have Confidential Information status during the pendency of any such motion.

12. In the event it is necessary for the Parties to file Confidential Information or to offer testimony regarding Confidential Information with the Court in connection with any pretrial proceeding or motion, or as evidence or testimony at trial, Confidential Information shall be submitted under seal (Documents or Copies) or taken in camera (testimony), and remain under seal or protected in camera until such time and under the conditions as the Court permits, upon application of either Party. (a) With regard to a Document or Copy, the Confidential Information shall be filed in a sealed envelope with the following statement typed conspicuously thereon:

CONFIDENTIAL

This document is filed under seal. Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, Parties or Persons other than those entitled to have access to such documents under the Stipulated Protective Order entered on _____ \_\_\_\_, 2006 in Civil Action No. 05-cv-00933-REB-CBS.

(b)    In the event Confidential Information is offered as evidence at hearing or trial, the Party who designated the information as Confidential Information may seek any additional Protective Order as he/it deems appropriate.

In such cases, unless the Court orders otherwise, all other parts of this Order will remain in effect.

13.    The termination of this action shall not relieve the Parties and Persons obligated hereunder from their responsibility to maintain the integrity, limitations on Communications, and protection of Confidential Information pursuant to this Stipulated Protective Order. The Court shall retain continuing jurisdiction to enforce the terms of this Stipulated Protective Order.

14.    By agreeing to the entry of this Stipulated Protective Order, the Parties hereto do not adopt or assert any position as to the admissibility of Confidential Information disclosed subject to this Stipulated Protective Order, nor do they waive the right to so object at an appropriate time.

15.    Within thirty days of the termination of this litigation, including any appeals, counsel of record for any Party that received Confidential Information from an opposing Party shall be required, without further request, to immediately to return to counsel of record for the disclosing Party all Confidential Information disclosed subject to this Stipulated Protective

Order, and all extracts, abstracts, charts, summaries, recordings, transcriptions, notes or copies made therefrom, intact, complete, and without further Copies being retained.

16. The Parties, through counsel of record, may amend this Stipulated Protective Order with the written consent of the Court.

17. Nothing in this Stipulated Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under F.R.C.P. 26(c), or other authority, or from filing any motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED at Denver, Colorado, this 30st day of January, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Approved:
/s/Karen H. Larson
Karen H. Larson
1120 Lincoln Street, Suite 711
Denver, CO 80203
(303) 831-4404
Fax (303) 830-8843
Email: kvirginia@aol.com
*Attorney for Plaintiff*

Richard A. Winkel
1775 Sherman Street, Suite 1445
Denver, CO 80203
Telephone: (303) 333-6626
Fax: (303) 321-8106

Email: richardwinkel@att.net

/s/ Sheila H. Meer
SHEILA H. MEER, P.C.
Sheila H. Meer
4535 East Colfax Avenue
Denver, CO 80220
(303) 333-6330
Fax: (303) 333-6331
E-mail: smeer@meerschatz.com
Attorneys for Norris Design, Inc.

**EXHIBIT A**
**05-cv-00933-REB-CBS**

Stipulated Protective Order January, 2006

STATE OF _____
COUNTY OF _____

AFFIDAVIT

I, _____, under penalty of perjury, state or affirm:

  1. I have read the Stipulated Protective Order in Liza Fitzpatrick v. Norris Design, Inc., Civil Action No. 05-CV-933-REB-CBS, which is presently pending before the United States District Court for the District of Colorado.

  2. I have been informed by _____, counsel of record for (Plaintiff) (Defendant), and understand, that the documents, copies, materials, testimony and other information designated "Confidential Information" are subject to a Stipulated Protective Order entered by the U.S. District Court in this litigation, and that this means the Confidential Information may be used by me only in compliance with the terms of that Stipulated Protective Order.

  3. I hereby agree to comply with, and to be bound by, the terms of the Stipulated Protective Order. I understand that, among the requirements of the Stipulated Protective Order, are the requirements:

    a. I cannot use any Confidential Information for any purpose other than as is authorized in this litigation;

    b. I must hold any Confidential Information in the strictest confidence;

    c. I cannot Communicate, discuss, copy, further disseminate, or disclose any Confidential Information with or to others, unless authorized to do so in the Stipulated Protective Order;

    d. I cannot Communicate or divulge any Confidential Information, either verbally or in writing, to any Party, other person, entity (including media), or local, state, or federal government agency, unless authorized in the Stipulated Protective Order or ordered by a court of law;

    e. I must promptly report to counsel of record for the Parties any attempts by any Party or Person to obtain Confidential Information from me, or to provide me with additional, unauthorized Confidential Information, or to engage in unauthorized discussions of Confidential Information with me;

    f. I can be held personally accountable for any breaches of my duties herein, and:

    g. This duty survives the resolution of this action.

 4. For the purposes of enforcing the terms of the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

FURTHER AFFIANT SAYETH NAUGHT.

                  _____
                  Signature

Subscribed and sworn to before me by
_____

this \_\_\_ day of _____, 2006.

Witness my hand and official seal.

My commission expires:

                  _____
                  Notary Public